Caspar Trust agt. Catherine Trust.

---

## SUPREME COURT.

### CASPAR TRUST agt. CATHERINE TRUST.

Where a husband asks a decree of divorce from his wife, on the ground of adultery, and the inference from the whole testimony is very strong that he had, for years, abandoned his wife and family, and thrown them upon the world for support, he must present to the court testimony which, *upon its face,* clearly proves the charge of adultery he makes against his wife.

*New-York Special Term, March,* 1855.
THE facts will sufficiently appear in the opinion.

—— ———— *for motion.*
—— ———— *opposed.*

COWLES, Justice. This is an application for an absolute divorce, upon the ground of adultery; and the decree is moved for upon the report of the referee, to whom it had been referred to take proof of the facts and report to the court.

If the testimony, as reported, goes to establish the fact of adultery, it would bring the case within one branch of the 64th rule of the court, which requires the plaintiff (as it is not sworn to by the complaint) to put in his affidavit, that five years have not elapsed since the commencement of the alleged open adulterous intercourse between the defendant and Wilson.

Neither does it appear by the papers submitted, why John B. Stephens is named as the next friend of the defendant in the proposed decree and other papers, when another person was appointed such by the order of the court.

But there are other difficulties in the way of a decree.

The testimony is too indefinite, uncertain, and unsatisfactory.

The parties intermarried in October, 1848, lived together about two years, and had one child.

The first witness then says, that after the parties had been married nearly two years, plaintiff left the city, was gone about four years, and returned last fall. He went to the west.

That defendant now lives in Williamsburgh, with Mr. Wilson, and has since last May; that she has lived with him about three years; that she has one child by Mr. Wilson, now about five weeks old; that she knows Wilson and the defendant live together as husband and wife.

That she [witness] has seen the defendant within the last year once, which was last week.

The only witness who testifies to facts, tending in any way to prove adultery, says nothing further as to that fact, than that the defendant lives with Mr. Wilson, and passes by the name of Mrs. Wilson.

Now, the whole of the foregoing testimony, when examined with the least care, fails to amount to that degree of *proof* which should always be given in cases of this description.

It does not appear how the first witness (Mrs. School) knows, nor what means she had of knowing, the facts to which she testifies. She lives in New-York and the defendant in Williamsburgh.

She does not show that she has seen the defendant but once in four years, and that was the week before she testified. How

Caspar Trust agt. Catherine Trust.

the witness knows that the child, now five weeks old, was the child of Wilson, she neither shows nor does she state any facts which render it probable she could know.

How the witness knows that Wilson and defendant live together as husband and wife, she does not state; what means she had of knowing it are not disclosed; nor indeed does she state with sufficient distinctness that she means to swear that such intercourse has been adulterous. What she would call living together as husband and wife, when explained, may mean a very different matter from an adulterous intercourse; but if that is her meaning, she should show more fully how she knew it.

The testimony of the other witness, [Lewis,] as far as relates to a charge of adultery, is, that defendant lives with Mr. Wilson, and "passes by the name of Mrs. Wilson." He does not state with whom she so "passes," nor whether she so holds herself out to the world. Possibly some third persons may suppose her to be Mrs. Wilson, and with them she may so pass— and yet without her assuming such name, or in any way holding herself out to her neighbors or the world as Mrs. Wilson.

This being the whole of the testimony, and the inference from the proof as it now stands being pretty strong, that the plaintiff has for years abandoned his wife and child, and thrown them upon the world for support, he must present to the court testimony which, upon its face, clearly proves the charge of adultery he now makes—and which, if true, may not unlikely be the result of his previous desertion of her. Possibly such may not have been the fact, but the testimony as it stands leads strongly to that inference.

The plaintiff's motion for a decree must be denied, but with leave to enter an order referring it back to the referee, to take further proofs in the case, and report the same to the court, when a motion for a decree may again be made.